CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NANCY C. CREECH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00279 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| UNITED STATES OF AMERICA, ) | United States District Judge |
| ) | |
| Defendant. ) | |

The plaintiff, Nancy C. Creech, was injured in an automobile accident on Route 220 in Botetourt County on June 7, 2004. The accident occurred when a United States Postal Service employee failed to stop his vehicle in the cross-over at the intersection of Route 681 and Route 220, and drove into the side of the vehicle in which Creech was riding as a passenger. Creech filed the present action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, claiming damages caused by the negligence of the Postal Service employee. The government conceded that the accident resulted from the Postal Employee's negligence, leaving for trial only the issue of damages. A bench trial on this issue was held on June 25, 2007. Following the bench trial, the court entered judgment in favor of Creech in the amount of $151,120.00. The case is presently before the court on Creech's motion for clarification and/or reconsideration. The court held a hearing on Creech's motion on August 10, 2007. For the following reasons, the motion will be granted in part and denied in part.

To the extent that Creech seeks clarification of the court's application of Virginia law on the issue of damages, the court will grant Creech's motion. Although the court considered each of the elements set forth in Jury Instruction 9.000 of the Virginia Model Jury Instructions - Civil (2007), which were proven by Creech, the court's opinion may have suggested otherwise, since the opinion

described the elements as being those that Virginia law "permits the trier of fact to consider." (emphasis added). As Creech indicates in the instant motion, Jury Instruction 9.000 states that "you shall consider any of the following [elements] which you believe by the greater weight of the evidence was caused by the negligence of the defendant . . . ." (emphasis added).[1] Thus, to clarify the court's previous opinion, the court reviewed all of the elements of damages set forth in Jury Instruction 9.000, and considered each of the following, which, by the greater weight of the evidence, was caused by the Postal Service employee's negligence: (1) the bodily injuries that Creech sustained and their effect on her health; (2) the physical pain and mental anguish that Creech suffered in the past and any that she may be reasonably expected to suffer in the future; (3) any scarring; (4) any inconvenience; (5) Creech's past and future medical expenses; and (6) her lost

---

[1] Jury Instruction 9.000 states, in its entirety, as follows:

If you find your verdict for the plaintiff, then in determining the damages to which he is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:

(1) any bodily injuries he sustained and their effect on his health according to their degree and probable duration;
(2) any physical pain [and mental anguish] he suffered in the past [and any that he may be reasonably expected to suffer in the future];
(3) any disfigurement or deformity and any associated humiliation or embarrassment;
(4) any inconvenience caused in the past [and any that probably will be caused in the future];
(5) any medical expenses incurred in the past [and any that may be reasonably expected to occur in the future];
(6) any earnings he lost because he was unable to work at his calling;
(7) any loss of earnings and lessening of earning capacity, or either, that he may reasonably be expected to sustain in the future;
(8) any property damage he sustained.

Your verdict shall be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant's negligence.

See Virginia Model Jury Instructions - Civil, Jury Instr. No. 9.000 (2007).

wages.[2]

To the extent Creech's motion for clarification and/or reconsideration seeks a breakdown of the damages award, the motion will be denied. Creech has cited no legal authority that requires the court to provide a breakdown of its damages award, and the court knows of no such requirement. See Johnson v. Smith, 241 Va. 396, 401, 403 S.E.2d 685, 688 (Va. 1991) (noting that the use of special verdics for damages in negligence cases is "unknown to our practice").

The court will also deny Creech's motion to the extent that it seeks reconsideration of the damages award and the particular amount of damages awarded for Creech's future medical expenses. For the reasons stated during the hearing on Creech's motion, the court remains convinced that it properly evaluated Creech's future medical expenses, and that the damages award fully and fairly compensates Creech for the damages sustained as a result of the Postal Employee's negligence.

For the reasons stated, Creech's motion for clarification and/or reconsideration will be granted in part and denied in part. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 15th day of August, 2007.

_____
United States District Judge

---

[2] Creech did not offer any evidence of lost future wages or property damage.